Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>MARK MACPHERSON GRAHAM,<br><br>               Defendant. | Case No. 3:06-cr-0020-RRB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS STATEMENTS** |

**I.   INTRODUCTION**

Mark Graham was arrested at the home of Erik Ostensen, a co-defendant in this case, on October 19, 2005, by members of the Mat-Su Drug Unit.  Mr. Ostensen was being investigated for maintaining a "meth lab" in his home.  Mr. Graham has been charged with assisting Mr. Ostensen in the distribution of methamphetamine, and specifically with "Attempted Possession with Intent to Distribute Methamphetamine," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 21 U.S.C. § 846.

At the time of Mr. Graham's arrest, Mr. Graham is alleged to have made a statement to Investigator Ingram of the Mat-Su Drug Unit.  A copy of Investigator Ingram's

report of that arrest, including the alleged statement of Mr. Graham at page 2 of that report, is attached as Exhibit A. There is no indication in this report that Mr. Graham was given *Miranda* warnings prior to this statement.

On October 28, 2005, Investigator Ingram seized clothing and hair samples from Mr. Graham at the Mat-Su Pretrial Facility pursuant to a search warrant. Mr. Graham is alleged to have made incriminating statements to Investigator Ingram during the execution of this search warrant. Although Mr. Graham was in custody, and at that time represented by court-appointed counsel, he was not advised of his *Miranda* rights. This alleged statement is set forth at page 9 of Investigator Ingram's report.

Since both statements were obtained in violation of *Miranda v. Arizona*, they must be suppressed.

## II.   STATEMENT OF FACTS

### A.   Mr. Graham's Arrest

On October 19, 2005, members of the Mat-Su Drug Unit executed a state search warrant at the residence of Erik Ostensen at a mobile home at 5005 South Bodenberg Loop, in the "Butte." Mat-Su Drug Unit members were joined in the search of the residence by the Alaska State Troopers SERT Team. Officers entered the residence at approximately 10:04 in the morning. Present in the residence were Mark Graham and Erik Ostensen.

Investigator Ingram identified Mr. Graham by his Alaska photo identification card. Investigator Ingram searched the residence and found evidence of "an active meth

lab." Mr. Graham was arrested, taken into custody, and handcuffed. Mr. Graham was then questioned by Investigator Ingram. There is no indication that *Miranda* warnings were given to Mr. Graham. There is no evidence of a written or oral waiver by Mr. Graham of his Fifth and Sixth Amendment rights.

      B.    <u>Execution of the Search Warrant at Mat-Su Pretrial Facility</u>

Approximately nine days after Mr. Graham's arrest, Investigator Ingram continued his investigation by executing a search warrant for the clothing and hair samples of Mr. Graham. Mr. Graham had been in continuous custody at the Mat-Su Pretrial Facility in Palmer. Counsel had been appointed to represent Mr. Graham by the Palmer Superior Court.

Mr. Graham is alleged to have made incriminating statements to Investigator Ingram during execution of the search warrant. Again, there is no evidence provided by government discovery of *Miranda* warnings being provided to Mr. Graham, or of Mr. Graham's voluntary and intelligent waiver of his Fifth and Sixth Amendment rights.

**III.    ARGUMENT**

In order to use statements by a defendant who is in custody, the government must prove that the statements were voluntarily made. Under the holding of *Miranda v. Arizona*, 384 U.S. 436 (1966), a defendant in custody must first be advised of his Fifth and Sixth Amendment rights. Custodial statements made without the benefit of *Miranda* warnings must be suppressed.

For a defendant in custody who is entitled to the rights guaranteed by *Miranda*, there is a presumption against waiver of these rights, and the burden of proving that a defendant waived his rights rests with the government. *North Carolina v. Butler*, 441 U.S. 369, 373 (1979).

There is no evidence provided by the government in discovery given to Mr. Graham that there were *Miranda* warnings or a valid *Miranda* waiver when Mr. Graham was alleged to have made statements to Investigator Ingram at the time of his arrest.

Likewise, as to the statements attributed to Mr. Graham on October 28, 2005, there is no evidence of *Miranda* warnings or a valid wavier. Even if Mr. Graham had been advised of his Fifth and Sixth Amendment rights during his arrest or subsequent court appearance, further *Miranda* warning would be required nine days later at the Mat-Su Pretrial Facility. *See, United States v. Nordling*, 804 F.2d 1466 (9th Cir. 1986).

Based on the evidence provided by the government in discovery, both statements attributed to Mr. Graham must be suppressed.

DATED at Anchorage, Alaska this 23rd day of March 2006.

Respectfully submitted,

s/Rich Curtner
Federal Defender
Alaska Bar No. 8706013
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:      907-646-3400
Fax:          907-646-3480
E-Mail:     rich_curtner@fd.org