Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>MARK MACPHERSON GRAHAM,<br><br>    Defendant. | Case No. 3:06-cr-0020-RRB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MARK GRAHAM'S MOTION TO SEVER HIS TRIAL FROM THE TRIAL OF CO-DEFENDANT ERIK OSTENSEN** |

**I. INTRODUCTION**

    Mark Graham and Erik Ostensen were both arrested on October 19, 2005, at the residence of Erik Ostensen. The Mat-Su Drug Unit executed a search warrant for Mr. Ostensen's residence in search of a "clandestine methamphetamine lab." Mr. Graham and Mr. Ostensen were the only two adults present at the time of the police raid.

    At the time of his arrest, Mr. Graham indicated to police that he spent the night at Mr. Ostensen's to "get away from his wife," and that he was "not involved in the meth lab." (The investigative report of Mr. Graham's arrest is attached as Exhibit A.)

Mr. Graham has been indicted with Mr. Ostensen with Attempted Possession With Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.  Mr. Graham's defense at trial is that he was merely spending the night at Mr. Ostensen's home and was not involved in any attempt to manufacture and/or distribute meth.  Erik Ostensen has previously indicated to his state appointed counsel and to state appointed counsel for Mr. Graham that he fully supports Mr. Graham's defense.  Since Mr. Ostensen will not be able to testify at a joint trial, Mr. Graham is moving for a separate trial in which Mr. Ostensen's testimony would be available.

## II.     ARGUMENT

A joint trial of co-defendants may not be held at the expense of one defendant's right to a fundamentally fair trial.  *United States v. Echeles*, 352 F.2d 892 (7th Cir. 1965).  In a case in which a joint trial prevents a defendant from calling to the witness stand a co-defendant who would otherwise provide testimony exculpatory as to the first defendant, because the co-defendant will seek to exercise the privilege against self-incrimination, the court should grant a severance to allow the co-defendant's exculpatory testimony to be adduced at a severed trial.  *United States v. Gay*, 567 F.2d 916 (9th Cir. 1978); *United States v. Hernandez-Berceda*, 572 F.2d 680 (9th Cir. 1978).

The Ninth Circuit Court of Appeals has held that when the reason for severance is the asserted need for a co-defendant's testimony, the defendant must show:

    (1)    that he would call the co-defendant at the severed trial;

    (2)    that the co-defendant would in fact testify; and

      (3)    that the testimony would be "substantially exculpatory."

*United States v. Reese*, 2 F.3d 870, 891 (9th Cir. 1993); *United States v. Mariscal*, 939 F.2d 884, 886 (9th Cir. 1991).

      Erik Ostensen has admitted to his counsel in the Alaska Superior Court in Palmer, and to counsel for Mr. Graham, in open court, that Mark Graham was not involved in any way with the attempted manufacture and/or distribution of methamphetamine at Mr. Ostensen's residence. The statements of Mr. Ostensen fully support Mr. Graham's defense.

      This court should order separate trials for Mr. Ostensen and Mr. Graham, so that Mr. Ostensen will be available to testify on behalf of Mr. Graham at Mr. Graham's trial.

      DATED at Anchorage, Alaska this 23rd day of March 2006.

      Respectfully submitted,

      s/Rich Curtner
      Federal Defender
      Alaska Bar No. 8706013
      550 West 7th Avenue, Suite 1600
      Anchorage, AK 99501
      Phone:   907-646-3400
      Fax:   907-646-3480
      E-Mail:   rich_curtner@fd.org