Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>MARK MACPHERSON GRAHAM,<br><br>　　　　　　　Defendant. | Case No. 3:06-cr-0020-RRB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MARK GRAHAM'S MOTION TO DISMISS INDICTMENT, OR, IN THE ALTERNATIVE, MOTION FOR BILL OF PARTICULARS** |

**I.   INTRODUCTION**

It is a rare case in which a defendant requests that the court dismiss the indictment in a pretrial motion.  Mr. Graham's indictment presents such a case.

Mark Graham was arrested on October 19, 2005, when a search warrant, based on suspicion of a clandestine methamphetamine lab, was executed at the home of Erik Ostensen, a co-defendant in the instant case.

At the time of his arrest, Mr. Graham protested to police that he was merely an overnight guest at the home, and was not involved in the manufacture or distribution of methamphetamine. A police report of the search of the residence and Mr. Graham's arrest is attached as Exhibit A.

Mr. Graham was charged in state court with four felony drug offenses. (A copy of the indictment is attached as Exhibit B; the grand jury transcript of proceedings in Palmer Superior Court is attached as Exhibit C.) Mr. Graham filed a motion to dismiss the indictment for lack of sufficient evidence to support the charges presented in the indictment. On December 19, 2005, Superior Court Judge Beverly Cutler dismissed the indictment against Mr. Graham. (Indictment attached as Exhibit D.) In addition, crime lab examinations of Mr. Graham's clothing and hair conducted after the state grand jury failed to detect the presence of methamphetamine

Review of discovery provided by the government in this case fails to present any additional evidence that would support any charges against Mark Graham, especially those of **attempted distribution** of methamphetamine. One element of proving "attempt" is that the defendant did something that was a <u>substantial</u> <u>step</u> toward committing the crime, with all jurors agreeing as to what constituted the substantial step. *See*, Ninth Circuit Crim. Jury Instr. 5.3 (2000). Under the unique circumstances of this case, Mr. Graham would ask the court to review *in camera* the grand jury transcript in this case to independently evaluate whether there exists sufficient probable cause to subject Mr. Graham to trial.

**II.    ARGUMENT**

Rule 12(b)(2) of the Federal Rules of Criminal Procedure permits the defendant to raise a motion to dismiss a defective indictment. A defendant's Constitutional right to be fully appraised of the exact nature of the charges against him mandates dismissal of a defective indictment that does not fully provide notice of the exact nature of the allegations and facts that the government intends to rely upon to prove the charges filed against the defendant. In the case at hand, the government merely makes the allegation that between March 22, 2005, and October 19, 2005, Mr. Graham attempted to possess methamphetamine with intent to distribute. The indictment does not provide any information or basis for this contention. The indictment does not put the defendant on notice as to the exact nature of the facts in the government's possession which are to be used at trial to prove a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.

Federal Rule of Criminal Procedure 7(c)(1) mandates that "[t]he indictment or information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Ordinarily, an indictment will withstand a motion to dismiss "if it contains the elements of the charged offense in sufficient detail (a) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994).

The indictment in this case includes insufficient facts that would allow Mr. Graham to prepare a defense. The indictment alleges an "attempt" within a seven-month

period. There is absolutely no indication in the indictment, or in the discovery provided by the government, as to what specific <u>substantial</u> <u>steps</u> are alleged that would legally constitute an "attempt" by Mr. Graham. Merely being present in a residence in which evidence of a meth lab is found is legally insufficient to support the charge. The Fifth Amendment guarantees the defendant the right to a grand jury screening of the same facts and allegations presented to the trial jury. The vague and wide-ranging allegation in this indictment denies Mr. Graham of proper notice by which to prepare for trial, and the indictment should be dismissed.

### III.    IN THE ALTERNATIVE, THE GOVERNMENT SHOULD BE DIRECTED TO FILE A BILL OF PARTICULARS

Rule 7(f) of the Federal Rules of Criminal Procedure provides for the filing of a bill of particulars. A bill of particulars serves three general purposes: (1) to protect the defendant against double jeopardy; (2) to inform the defendant of the nature of the specific charges against him so that he can adequately prepare a defense; and (3) to avoid unfair surprises at trial. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.), *cert. denied*, 44 U.S. 979 (1979). A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense. *Will v. United States*, 389 U.S. 90, 99, 88 S. Ct. 269, 275-76, 19 L. Ed. 2d 305 (1967); *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973). "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*; *United States v. Giese*.

While a trial court has discretion to grant a motion for a bill of particulars, discretion should be freely exercised with an awareness that an indictment may be sufficient on its face to state an offense, yet insufficient to adequately inform the accused of charges against him in order to enable him to properly prepare his defense and, to avoid prejudicial surprise.

The brevity of the indictment warrants a bill of particulars in this case. The government should be ordered to advise the defendant of the precise theory that it is alleging and the facts that support that theory. As it stands, the present indictment and the discovery supplied by the government is not sufficient to provide Mr. Graham with enough information to prepare for trial adequately or avoid prejudicial surprise.

## IV.  CONCLUSION

On its face, this indictment lacks the specifics necessary to allow Mr. Graham to prepare his defense; to ensure him that he is being prosecuted on the same theory and facts presented to the grand jury; to allow him protection from double jeopardy; and to inform the court of the alleged facts so that it can determine the sufficiency of the charge. The indictment alleges an "attempted" possession of methamphetamine with intent to distribute, without alleging any "substantial steps" that would legally constitute an "attempt." The court should dismiss the indictment, or, in the alternative, order the government to file a bill of particulars addressing the concerns stated in this motion and memorandum.

DATED at Anchorage, Alaska this 23rd day of March 2006.

Respectfully submitted,

s/Rich Curtner
Federal Defender
Alaska Bar No. 8706013
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     rich_curtner@fd.org