DEBORAH M. SMITH
Acting United States Attorney

LAWRENCE D. CARD
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
AK Bar No. 8011068

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | Case No. 3:06-cr-0020-02-RRB-JDR |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ERRATA TO GOVERNMENT'S** |
| vs. | ) | **RESPONSE TO DEFENDANT'S** |
| | ) | **MOTION FOR BILL OF** |
| MARK MACPHERSON GRAHAM, | ) | **PARTICULARS OR** |
| | ) | **ALTERNATIVELY MOTION TO** |
| Defendant. | ) | **DISMISS** |
| | ) | |

COMES NOW, the United States of America, by and through undersigned counsel, and hereby opposes the defendant's "Motion for Bill of Particulars." The defendant requests that the Court order the government to disclose to the defendant precisely how the defendant violated the offense. The government has properly tracked the language of the statute and provided discovery to the defendant that

not only outlines the conspiracy but also the methamphetamine activities occurring at 5005 S. Bodenburg Loop in the Butte area near Palmer, Alaska.  That is all that is legally required.  Moreover, the undersigned counsel,  has reviewed the charge and evidence applicable to defendant Graham.  Based on this review, counsel expects that there will be future changes to the indictment that will moot the defendant's request, but the next Grand Jury does not meet until the third week of April, 2006.  The federal case is not the same as  the state case which was dismissed by the state Superior Court judge assigned to the case.

## Law Applicable to Requests for Bills of Particulars

The legitimate purposes of a bill of particulars are extremely limited.  Under Rule 7(f) of the Federal Rules of Criminal Procedures, the only purposes of a bill of particulars are to give a defendant some information about the charges against him in order to:  (1) fairly apprise him of the nature of the charge so that he may prepare his defense and avoid prejudicial surprise at trial, and (2) enable him to plead his conviction or acquittal as a bar to a second prosecution for the same

offense.[1]  See e.g., *United States v. Ayers*, 924 F.2d 1468 (9th Cir. 1991); *United States v. Drebin*, 557 F.2d 1316, 1325 (9th Cir. 1977); *Cook v. United States*, 354 F.2d 529, 531 (9th Cir. 1965); and, *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963).

Based upon information and belief, the defendant has never previously been convicted of any offense related to the charges contained in the indictment.  The only pertinent question, therefore, is "whether adequate notice of the charge has been given to the defendant."  Wright, *Federal Practice and Procedure*, *Criminal* § 129, p. 289 (West 1969).  To fulfill these purposes, the indictment need only allege the essential elements of the offenses within the language of the statute.  <u>United States v. Tavelman</u>, 650 F.2d 1133, 1137 (9th Cir. 1981); <u>United States v. Matlock,</u> 675 F.2d 981, 986 (8th Cir. 1982); and *United States v. Lurz*, 666 F.2d 69, 78 (4th Cir. 1981).  Thus, "an indictment needs do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crimes."  *United States v. Tramunti*, 513 F.2d 1087, 1113 (2nd Cir. 1975).

---

[1] The threat of double jeopardy has been substantially reduced by statute, e.g., 28 U.S.C. § 1731, and case law, e.g., *Russell v. United States* 369 U.S. 749, 764 (1962); *United States v. Haldeman*, 559 F.2d 31, 126 (D.C. Cir. 1976), by giving all defendants recourse to the entire trial record should they ever have to plead former jeopardy.  See also Note, *Indictment Sufficiency*, 70 Colum L.Rev. 876, 885 (1970).

The Ninth Circuit has stated that if a defendant has failed to allege a defect in discovery or some surprise, a bill of particulars is properly denied. *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984) (no abuse of discretion in denying a motion for a bill of particulars when defendant failed to allege full discovery not afforded or unfair surprise); <u>see</u> <u>also</u> *United States v. Burt*, 765 F.2d 1364, 1366 (9th Cir. 1985) (bill of particulars properly denied where the defendant did not demonstrate surprise, prejudice or increased risk of double jeopardy). The test for determining whether to grant a bill of particulars is whether it is necessary, not whether it is helpful. *United States v. Weinberg*, 656 F. Supp. 1020, 1029 (E. D. N.Y. 1987). Moreover:

> When the demand goes "to the government's proof rather than to a clarification of the indictment it cannot be granted on a motion for bill of particulars."

*United States v. Tallant*, 407 F. Supp. 878, 890 (N.D. Ga. 1975) (citations omitted).

A defendant may not use a motion for a bill of particulars to inquire into the means or manner by which a defendant committed a specific criminal act. See, e.g., *United States v. Gray*, 464 F.2d 632, 635 (8th Cir. 1972) (manner of offense); *Ellis v. United States*, 321 F.2d 931, 932 (9th Cir. 1963) (denied bill of particulars requesting information regarding means used by defendant to aid and abet offense); *Pines v. United States*, 123 F.2d 825 (9th Cir. 1941) (disclosure of manner and

means not required).  Furthermore, the defendant may not use a bill of particulars <u>to seek disclosure of the identity of any unindicted coconspirators.</u> [*Emphasis added*] *United States v. Dicesare*, 765 F.2d 890, 897-98 (9th Cir. 1985).

Where, as in this case, the indictment and discovery give the necessary details of the offenses alleged, the defendant is not individually entitled to a bill of particulars.  *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).  The defendant has had open access to all of the discovery in this case thus far, and as discovery is available or received by the government, the defendant will be copied immediately.  The dates, times, and locations of the various events the defendant seeks are set forth as specifically as possible in both the indictment and the discovery made available to him.

## The Defendant's Specific Request for Particulars

The defendant acknowledges that the indictment and discovery provide details as to "what" occurred, "when" it occurred, and "where" it occurred.  The defendant's chief complaint is that "how" this occurred is not specified.  Defendant's Motion, p. 2.  However, "how" a statute is violated goes to proof, rather than clarification of an indictment.  See, *United States v. Gray, 464 F.2d 632, 635 (8th Cir. 1972) (manner of offense);  Ellis v. United States*, 321 F.2d 931, 932 (9th Cir. 1963) (denied bill of particulars requesting information regarding means

used by defendant to aid and abet offense); *Pines v. United States*, 123 F.2d 825 (9th Cir. 1941) (disclosure of manner and means not required).

In this case, Count 1 of the indictment tracks the language of the statute, and sets forth a time period and a place. That is all that is necessary to advise the defendant of his applicable conduct. See *United States v. Ely,* 142 F.3d 1112, 1120 (9th Cir. 1997); see also *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995) (holding that "bare bones" information that tracks the statutory language is generally sufficient). An indictment need not allege the government's theory of the case or detail the evidence to be presented at trial. See *United States v. Mustachio*, 968 F.2d 782, 787 (9th Cir. 1991)

The defendant is charged with attempting to possess and manufacture methamphetamine for the purpose of distributing and using methamphetamine. As the indictment charges, the crime began on or about March 22, 2005, and ended with the arrest of the defendant and his co-defendant, Mr. Ostensen on October 19, 2005 at the execution of a search warrant. Although the government need not disclose "how" it will prove this charge, the defendant's own actions in assisting in the process of making methamphetamine observed by what are currently unindicted co-conspirators, inculpates him as an active participant, the discovery of which will be provided as required under the *Jencks Act.*

In conclusion, the government intends to modify and augment the current indictment based on the undersigned review of the indictment, as well as developments that occurred since the filing of the present indictment.  Thus, in all likelihood, defendant's request is most like to become moot in the future.

//

//

//

//

//

## **CONCLUSION**

The indictment clearly informs the defendant of the charge, the approximate dates of the offense, and the location of the alleged crime.   Thus, the Court should therefore deny the defendant's motion for a bill of particulars.

RESPECTFULLY SUBMITTED this 31st day of March, 2006 in Anchorage, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> s/ Lawrence D. Card
> Assistant U.S. Attorney
> Federal Building & U.S. Courthouse
> 222 West Seventh Avenue, #9, Room 253
> Anchorage, Alaska  99513-7567
> (907) 271-5071
> (907) 271-1500 (fax)
> Email: larry.card@usdoj.gov
> Alaska Bar No. 8011068

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on March 31, 2006, via:

    (X) Electronic case filing notice

Richard Curtner, Esq.
Federal Public Defender

s/ Larwrence D. Card_____