DEBORAH M. SMITH
Acting United States Attorney

LAWRENCE D. CARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99507
(907) 271-5071
 e-mail: larry.card@usdoj.com

Attorneys for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | Case No. 3:06-cr-00020-02 (RRB) |
| ) | |
| Plaintiff,        ) | |
| ) | |
| v.                            ) | |
| ) | |
| MARK MACPHERSON GRAHAM,  ) | |
| ) | **GOVERNMENT'S PROPOSED** |
| Defendant.       ) | **JURY INSTRUCTIONS** |
| _____ ) | |

COMES NOW the United States of America, by and through its counsel

and requests that the Court instruct the jury in accordance with the following list of

jury instructions from the Manual of Model Criminal Jury Instructions for the Ninth

Circuit (2003 Edition), unless otherwise indicated, and from the separate instructions attached hereto, as well as those, if any, to be submitted under separate cover:

| | | |
|---|---|---|
| 1.1 | | Duty of Jury |
| 1.2 | | The Charge - Presumption of Innocence |
| 1.3 | | What is Not Evidence |
| 1.4 | | What is Evidence |
| 1.5 | | Evidence for Limited Purpose |
| 1.6 | | Direct and Circumstantial Evidence |
| 1.7 | | Ruling on Objections |
| 1.8 | | Credibility of Witnesses |
| 1.9 | | Conduct of the Jury |
| 1.10 | | No Transcript Available to Jury |
| 1.11 | | Taking Notes |
| 1.12 | | Outline of Trial |
| 2.1 | | Cautionary Instruction - First Recess |
| 2.2 | | Bench Conference and Recesses |
| 2.4 | | Stipulations of Fact |
| 2.5 | | Judicial Notice |
| 2.10 | | Other Crimes, Wrongs, or Acts Evidence |

| | |
|---|---|
| 3.1 | Duties of Jury to Find Facts and Follow Law |
| 3.2 | Charge(es) Against Defendant Not Evidence-Presumption of Innocence-Burden of Proof |
| 3.3 | Defendant's Decision Not to Testify |
| 3.4 | Defendant's Decision to Testify |
| 3.5 | Reasonable Doubt-Defined |
| 3.6 | What Is Evidence |
| 3.7 | What is Not Evidence |
| 3.8 | Direct and Circumstantial Evidence |
| 3.9 | Credibility of Witnesses |
| 3.12 | Separate Consideration of Single Counts-Single Defendants |
| 3.18 | Possession -Defined |
| 11.01 | Beginning Charge - Province of the Court [Devitt and Blackmar] (3rd Ed.) |
| 3.5 | Reasonable Doubt - Defined |
| 3.6 | What is Evidence |
| 3.7 | What is Not Evidence |
| 3.8 | Direct and Circumstantial Evidence |
| 3.9 | Credibility of Witnesses |

| | |
|---|---|
| 3.10 | Evidence of Other Acts of Defendants or Acts and Statements of Others |
| 3.11 | Activities Not Charged |
| 3.12 | Separate Consideration of Multiple Counts |
| 3.18 | Possession - Defined |
| 4.1 | Statements by Defendant |
| 4.3 | Other Crimes, Wrongs, or Acts of Defendant |
| 4.4 | Character of Defendant |
| 4.6 | Impeachment, Prior Conviction of Defendant |
| 4.8 | Impeachment Evidence - Witness |
| 4.9 | Testimony Under Grant of Immunity |
| 4.10 | Testimony of Witness Receiving Benefit |
| 4.11 | Testimony of Accomplice |
| 4.17 | Opinion Evidence, Expert Witness |
| 5.6 | Knowingly - Defined |
| 5.7 | Deliberate Ignorance |
| 7.1 | Duty to Deliberate |
| 7.2 | Consideration of Evidence |
| 7.3 | Use of Notes |

7.4     Jury Consideration of Punishment

7.5     Verdict Form

8.16    Count 1 - Elements (See Attached)

9.13    Count 2 - Elements (See Attached)

RESPECTFULLY SUBMITTED this   20th   day of April, 2006, at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Lawrence D. Card
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
Alaska Bar No. 8011068

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2006, a copy of the foregoing was served electronically on:

Richard Curtner
Federal Public Defender
601 W. Fifth Avenue, Suite 800
Anchorage, Alaska 99501

s/Lawrence D. Card

INSTRUCTION NO. 1

You will note that the Indictment charges that each offense was committed "on or about" a certain dates. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged.

INSTRUCTION NO. 2

The defendant is charged in Count 1 of the Indictment with Conspiracy in Relation to Methamphetamine in violation of 21 United States Code §§ 846, and 841(a)(1) &(b)(1)(B). In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

**First**, beginning on or about March 22, 200, and ending on or about October 19, 2005, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

**Second**, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall briefly discuss the law relating to each of these elements.

A conspiracy is a kind of criminal partnership-an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

U.S. v. GRAHAM
3:06-cr-00020-02 (RRB)

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all of the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

Authority:   Title 21, United States Code, Sections 846, and 841(a)(1) &(b)(1)(B); Pattern Instruction 8.16, Ninth Circuit Manual of Model Criminal Jury Instructions (2003 Ed.)

U.S. v. GRAHAM
3:06-cr-00020-02 (RRB)

INSTRUCTION NO. 3

The defendant is charged in Count 2 of the Indictment with Possession of Methamphetamine with intent to distribute in violation of Section 841 (a)(1) &(b)(1)(B) of Title 21 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was methamphetamine. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Authority:   Title 21, United States Code, Sections 841 (a)(1) & (b)(1)(B). Pattern Instruction 9.13, Ninth Circuit Manual of Model Criminal Jury Instructions (2003 Ed.)

U.S. v. GRAHAM
3:06-cr-00020-02 (RRB)

INSTRUCTION No. 4

WILLFULLY

The Committee recommends that no instruction defining "willfully" be given unless the word is in the statute defining the offenses being tried.  the Ninth Circuit has stated that "[w]ilfulness requires that an act done knowingly and intentionally, not through ignorance, mistake or accident." *United States v. Morales,* 108 F.3d 1031, 1036 (9th Cir. 1997).  (citing *Model Criminal Jury Instructions For The Ninth Circuit* § 5.05 (1995)) (affirming convictions for the lesser included misdemeanors offenses of wilfully making false entries).  awful.

Ninth Circuit Instruction 5.5, 2003 Ed.  ("Wilfully–Not Defined") ;citing, *United States v. Sehnal,* 930 F.2d 1420, 1427  (9th Cir. 1991) (In a tax case, the court approved the following instruction) : " An act is done wilfully if done voluntarily and intentionally [with the purpose of violating a known legal duty.] Obviously, there is no known legal duty to participate in the preparation of controlled substances, but the instruction could be modified to end with "voluntarily and intentionally."

U.S. v. GRAHAM
3:06-cr-00020-02 (RRB)

INSTRUCTION NO. 5

KNOWINGLY- DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Pattern Instructions, § 5.6; 2003 Ed.

U.S. v. GRAHAM
3:06-cr-00020-02 (RRB)