DEBORAH M. SMITH
Acting United States Attorney

LAWRENCE D. CARD
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
AK Bar No. 8011068

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.  3:06-cr-00020-02-RRB-JDR |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S TRIAL** |
| | ) | **MEMORANDUM** |
| v. | ) | |
| | ) | |
| MARK MACPHERSON GRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**I.        INTRODUCTION**

The defendant is charged with one count of Conspiracy in Relation to Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841 (a)(1) & (b)(1)(B), and one count of Possession of Methamphetamine with the Intent to Distribute, in violation of

21 U.S.C. §§ 841 (a)(1) & 841(b)(1)(B). The government estimates that the trial may take three days from jury selection to submitting the case to the jury for deliberation.

## II. STATEMENT OF THE CASE

### A. Case Summary And Statement of Facts

This case involves a methamphetamine lab located in the home of previously indicted, and previous co-defendant Erik Ostensen who pled guilty to the prior indictment alleging attempted possession of methamphetamine with the intent to distribute in violation of 21 U.S.C. §§ 841 (a)(1) &(b)(1)(B) and 846. Mr. Ostensen's home was located at 5005 Bodenberg Loop in the Palmer, Alaska (Butte) area. The Ostensen home was described as being "the last trailer on the left" when a State of Alaska search warrant was executed on October 19, 2005. The execution of the search warrant resulted in the discovery of an active methamphetamine lab, which included numerous containers of iodine, "raw red phosphorous, HCL gas generators, over 150 boxes and blister packs of cold remedy products which contained pseudoephedrine, extracted ephedrine, thousands of discarded match heads, matchbook covers and matchbook striker plates that had been removed from their covers, over a hundred small cardboard boxes which appear to have previously contained matchbooks, and packaging material commonly used in the sale and distribution of approximately a gram's weight of methamphetamine.

The search of the mobile home also discovered sales receipts for methamphetamine related items that had been purchased from various department/grocery stores, and what the searching officers described as "a tremendous amount of meth related trash" found in a room in the rear of the mobile home. The searching officers also described finding more "meth trash" in a burn barrel and in a large trash bin located on the left side of the mobile home.

When the search warrant was executed, the officers found Mr. Ostensen, his two year old daughter, and Mr. Graham inside the home. Both Mr. Ostensen and Mr. Graham were arrested under state of Alaska charges and held in lieu in bond, plus other conditions of release. A State of Alaska Superior Court Judge dismissed the state charges against Mr. Graham in November of 2005, but both Mr. Graham and Mr. Ostensen were indicted on federal drug charges in February of 2006. A Superceding Indictment was issued by the April 2006 Grand Jury against the remaining defendant, Mr. Graham, alleging with more specificity, his role in the conspiracy as the person who "pulled"the methamphetamine during its manufacture. Mr. Graham has pled not guilty of the superceding indictment, and the matter is set for trial before the Honorable Judge Beistline.

### B. Summary of the Charges

The defendant is charged in the superseding indictment with the following offenses:

**Count 1**: Conspiracy in Relation to Methamphetamine: Vio. 21 U.S.C. §§ 846 & 841 (a)(1) & (b)(1)(B)

**Count 2:** Possession of Methamphetamine With Intent to Distribute: Vio. 21 U.S.C.§§ 841 (a)(1) & 841 (b)(1)(B)

**C.  Witnesses**

At trial, the government will call some or all of the following:

1.  Some of the local and federal law enforcement officers who were involved in the investigation of this case or who were involved in the arrest of the defendant.;

2.  Some of the indicted co-conspirators who may have made a plea agreement with the State of Alaska, and have agreed to be witnesses in the federal case in the event of a trial.

3.  The previously disclosed "experts" who will testify about the substance found in the "lab" at Ostensen's home on October 19, 2005, and the general nature of methamphetamine labs, how the methamphetamine is packaged and sold, as well as manufactured.

4.  At this time, the government anticipates calling 5-7 witnesses in its case-in-chief.

### D. Exhibits

The government will offer some or all of the following exhibits at trial:

1. Photographs of the area searched containing the toxic chemicals and refuge, as well as the container containing the mixture containing methamphetamine, which was measured at 30 ml, which converts to 30 grams in weight.

2. The lab report made by Mr. Jack Hurd, the Criminalist with the State of Alaska Crime Lab.

### III. Legal/Evidentiary Issues

**A.** The government is not aware of any evidentiary/legal issues pretrial, but will bring any issues to the attention of the court as they arise.

**B. Expert Witness Testimony**

**General Standards**

Expert opinions are admissible if they will assist the trier of fact to understand the evidence or determine a fact in evidence. Rule 702, Fed. R. Evid. Expert opinions, as opposed to testimony by summary witnesses, may be based on facts or data not admissible into evidence. rule 703, Fed. R. Evid.

An expert may provide opinion testimony even if it embraces an ultimate issue to be decided by the trier of fact. Fed. R. Evid. 704. The court has broad discretion to determine whether to admit expert testimony. *United States v.*

*Andersson,* 813 F. 2d 1450, 1458 (9th Cir. 19870; *United States v. Binder,* 769 F. 2d595, 601 (9th Cir. 1985).

However, if scientific or other evidence to be admitted is based on untested "science" or "junk science" analysis of "studies" or other unique procedures which may or may not be based on science, a hearing under the provisions of the United States Supreme Court case of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786 (1993)may be required for the court to exercise its "gatekeeper" role in only admitting proffered "scientific" evidence (1)that can be and has been empirically tested; (2)whether the theory or technique has been subject to peer review and publication; (3) whether the known or potential error rate of the theory or technique is acceptable, and whether the existence and maintenance of standards controls the technique's operation; and (4) whether the theory or technique has been subjected to peer review and publication, and other factors as needed in a particular case.  See *Daubert* at 509 U.S. at 592-593.

**The Expert Testimony To Be Offered At trial**

The government intends to offer the testimony of Mr. Jack Hurd, Criminalist at the State of Alaska Crime Lab, and the testimony of Investigator Kurt Kornchuk, who will testify about his knowledge of methamphetamine labs like the one found in Mr. Ostensen's mobile home on October 219, 2005, the way methamphetamine is

manufactured by people illegally, and the street values and methods of distribution. A notice of expert testimony was filed by the government on Friday, April 14, 2006 detailing both areas of testimony.

    RESPECTFULLY SUBMITTED this 21st day of April, 2006 at Anchorage, Alaska.

                                   DEBORAH M. SMITH  
                                   Acting U.S. Attorney

                                   s/ Lawrence D. Card  
                                   Assistant U.S. Attorney  
                                   222 West 7th Ave., #9, Rm. 253  
                                   Anchorage, AK 99513-7567  
                                   Phone: (907) 271-5071  
                                   Fax: (907) 271-1500  
                                   E-mail: larry.card@usdoj.gov  
                                   Alaska Bar No. 8011068

**CERTIFICATE OF SERVICE**  
I hereby certify that on April 20, 2006,  
a copy of the foregoing was served  
electronically on :

Richard Curtner  
Federal Defender of Alaska

s/ Lawrence D. Card