Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK MACPHERSON GRAHAM,<br><br>Defendant. | NO. 3:06-cr-0020-RRB<br><br>**MARK GRAHAM'S PROPOSED JURY INSTRUCTIONS** |

   Mark Graham proposes the following jury instructions for use at trial in this matter.  Mr. Graham's proposed instructions are taken from the Manuel of Model Jury Instructions for the Ninth Circuit (West 2000) and Devitt, Blackmar, Wolff, and O'Malley, *Federal Jury Practice And Instructions* (1992 ed.) and are set out in abbreviated form below.

   Mr. Graham proposes the following instructions from the Manuel of Model Jury Instructions for the Ninth Circuit:

## PRELIMINARY INSTRUCTIONS

1.1   Duty of Jury

1.2   The Charge - Presumption of Innocence

1.3   What is Evidence

1.4   What is not Evidence

1.5   Evidence Admitted for Limited Purpose

1.7   Rulings on Objections

1.8   Credibility of Witnesses

1.9   Conduct of the Jury

1.11  Taking Notes

1.12  Outline of Trial


## INSTRUCTIONS DURING TRIAL

2.1   Cautionary Instruction - First Recess

2.2   Bench Conferences and Recesses


## INSTRUCTIONS AT END OF CASE

3.1   Duty of Jury to Find Facts and Follow Law

3.2.  Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof

3.3   Defendant's Decision Not to Testify

3.4   Defendant's Decision to Testify

3.6   What is Evidence

    3.7    What is not Evidence

    3.9    Credibility of Witnesses

    3.12   Separate Consideration of Multiple Counts - Single Defendant

    3.18   Possession – Defined

    4.9    Testimony of Witness Involving Special Circumstances--Immunity, Benefits, Accomplice, Plea

## RESPONSIBILITY

    5.6    Knowingly Defined

## JURY DELIBERATIONS

    7.1    Duty to Deliberate

    7.2    Consideration of Evidence

    7.3    Use of Notes

    7.6    Communication with Court

    8.16   Conspiracy – Elements

    9.13   Controlled Substance – Possession With Intent To Distribute

    Mr. Graham requests the following instructions from Volumes I and II of Devitt, Blackmar, Wolff, and O'Malley, *Federal Jury Practice and Instructions* (1992 ed.).

    12.10  Presumption of Innocence, Burden of Proof, and Reasonable Doubt

    15.01  Credibility of Witnesses - Generally

    15.12  Credibility of Witnesses - The defendant as Witness

In addition, Mr. Graham proposes the following additional instruction attached hereto and reserves the right to submit additional proposed instructions as warranted at the close of all evidence.

DATED at Anchorage, Alaska this 24th day of April 2006.

Respectfully submitted,

s/Rich Curtner
Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

Certification:
I certify that on April 24, 2006,
a copy of **Mark Graham's Proposed Jury Instructions** was served electronically on:

Larry D. Card
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

Scott A. Sterling
Sterling & Dearmond
851 Westpoint Drive, Suite 201
Wasilla, AK 99654
scottsterling@alaskalawyers.net

s/Rich Curtner

**JURY INSTRUCTION NO. \_\_\_\_\_**

The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a "clean slate" – with no evidence against him. And the law permits nothing but legal evidence presented before a jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient for a not guilty verdict, unless and until the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. The burden never shifts to a defendant; for the law never imposes on the accused in a criminal case the burden or duty of calling any witness or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of a charge, it must render a verdict of not guilty. If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilty – the jury should, of course, adopt the conclusion of innocence.