DEBORAH M. SMITH
Acting United States Attorney

LAWRENCE D. CARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99507
(907) 271-5071
 e-mail: larry.card@usdoj.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:06-cr-00020-02 (RRB) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MARK MACPHERSON GRAHAM, ) | |
| ) | **GOVERNMENT'S PROPOSED** |
| Defendant. ) | **JURY INSTRUCTIONS-AMENDED** |
| ) | |

      COMES NOW the United States of America, by and through its counsel and requests that the Court additionally instruct the jury in accordance with the following jury instruction.  The government failed to add an instruction for a special verdict regarding the controlled substances in the instant case.  The Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), requires the use of a

special verdict in most federal narcotics prosecutions. In *Apprendi,* the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490.

Although most court of appeals have concluded that *Apprendi* does not apply to findings that trigger a mandatory minimum sentence, *see, e.g., United States v. Lawrence,* 308 F. 3d 623 (6th Cir. 2002) (overruling prior circuit precedent in light of *Harris v. United States,* 536 U.S. 545 (2002)), a few circuits have held or suggested to the contrary. *See United States v. Velasco-Heredia,* 319 F. 3rd 1080 (9th Cir. (2003) (reversing mandatory minimum sentence imposed based on district court's finding of drug quantity); *see also United States v. Graham*, 317 F. 262 (D.C. Cir. 2003) (vacating mandatory minimum sentence of supervised release imposed under § 841(b)(1)(A) without jury finding of drug quantity).

*Apprendi* does not require the jury to find that the defendant knew that his offense involved a particular type and quantity of drugs. *See United States v. Carranza,* 289 F.3rd 634, 643-44 (9th Cir.), *cert. denied,* 537 U.S. 1037 (2002).

The final question that must be addressed in the instructions is that of the defendant's involvement in the conspiracy as a whole. The Ninth circuit has held that the statutory maximum for conspiracy cases is based on the drug quantity which the

defendant "reasonably foresaw or which fell within the scope of his particular agreement with the conspirators." *See United States v. Banuelos*, 322 F. 3rd 700, 702 (9th Cir. 2003)  Therefore, the jury should be instructed to determine whether Mr. Graham is responsible for the threshold quantity of drugs alleged by the grand jury in the indictment.  Counsel for the respective parties will meet to try to prepare mutually agreeable instructions to recommend to the court prior to the currently scheduled trial date of May 30, 2006.  In the event the parties are unable to agree on the appropriate form for the instructions, it is anticipated that a session before closing instructions are reviewed will be necessary to resolve any issues to the court's satisfaction.

RESPECTFULLY SUBMITTED  this 22nd day of May, 2006, at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Lawrence D. Card
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
Alaska Bar No. 8011068