IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:06-CR-00020-JKS |
| | ) | |
| MARK MACPHERSON GRAHAM | ) | **JURY INSTRUCTIONS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

INSTRUCTION NO. 2

The Defendant, Mark M. Graham, is charged in Count 1 of the indictment with Conspiracy to distribute and to possess with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salt of its isomers, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) & (b)(1)(B). In order for the Defendant to be found guilty of that charge, the Government must prove both of the following elements beyond a reasonable doubt:

First, beginning on or about March 22, 2005, and ending on or about October 19, 2005, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the Defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

I shall discuss with you briefly the law relating to each of these elements.

A conspiracy is a kind of criminal partnership -- an agreement of two or more persons to commit one or more crimes. The crime is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy, with all of you agreeing as to the particular crime that the conspirators agreed to commit.

One becomes a member of a conspiracy by knowingly participating in the unlawful plan

with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who knowingly joins an existing conspiracy is charged with the same responsibility as if that person had been one of the originators of it. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a member merely by associating with one or more persons who are conspirators, nor merely by knowing of the existence of a conspiracy. Once you have decided if the Defendant was a member of a conspiracy, the Defendant is responsible for what other conspirators said or did to carry out the conspiracy, whether or not the Defendant knew what they said or did.

INSTRUCTION NO. 3

The Defendant is charged in Count 2 of the indictment with possession of methamphetamine with intent to distribute, in violation of Section 841(a)(1) & (b)(1)(B) of Title 21 of the United States Code.  In order for the Defendant to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant knowingly possessed methamphetamine; and,

Second, the Defendant possessed it with the intent to deliver it to another person.

It does not matter whether the Defendant knew that the substance was methamphetamine. It is sufficient that the Defendant knew that it was some kind of a prohibited drug.

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

INSTRUCTION NO. 4

A defendant may be found guilty of possession of methamphetamine with intent to distribute, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, possession of methamphetamine with intent to distribute was committed by someone;

Second, the Defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit each element of possession of methamphetamine with intent to distribute; and

Third, the Defendant acted before the crime was completed.

It is not enough that the Defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit possession of methamphetamine with intent to distribute.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION NO. 5

An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the Defendant acted knowingly.

INSTRUCTION NO. 6

A separate crime is charged against the Defendant in each Count.  You must decide each

Count separately.  Your verdict on one Count should not control your verdict on any other Count.

INSTRUCTION NO. 7

A defendant in a criminal case has a constitutional right not to testify.  No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

INSTRUCTION NO. 8

The Defendant has pleaded not guilty to the charges and is presumed innocent unless and until proven guilty beyond a reasonable doubt.

A reasonable doubt is a doubt based upon reason and common sense, and may arise from a careful and impartial consideration of all the evidence, or from lack of evidence. Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the Defendant is guilty.

If, after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration with your fellow jurors of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

INSTRUCTION NO. 9

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

INSTRUCTION NO. 10

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. The indictment is not evidence. The Defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The Government has the burden of proving each element of the charge beyond a reasonable doubt. If it fails to do so, you must return a not guilty verdict.

2. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

3. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

4. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

5. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 11

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 12

In deciding what the facts are, you must consider all the evidence. In doing this, you must

decide which testimony to believe and which testimony not to believe. You may disbelieve all or

any part of any witness's testimony. In making that decision, you may take into account a

number of factors, including the following:

1. Was the witness able to see, hear, or know the things about which he/she testified?

2. How well was the witness able to recall and describe those things?

3. What was the witness's manner while testifying?

4. Did the witness have an interest in the outcome of this case or any bias or prejudice

concerning any party or any matter involved in the case?

5. How reasonable was the witness's testimony considered with all the other evidence?

6. Was the witness's testimony contradicted by what that witness has said or done at

another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes

forget things. You need to consider therefore whether a contradiction is an innocent lapse of

memory or an intentional falsehood, and that may depend on whether it has to do with an

important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the

number of witnesses testifying on one side or the other. You must consider all of the evidence in

the case, and you may decide that the testimony of a smaller number of witnesses on one side has

greater weight than that of a larger number on the other.

INSTRUCTION NO. 13

You are here only to determine whether the Defendant is guilty or not guilty of the charges in the indictment: conspiracy in relation to methamphetamine; and, possession of methamphetamine with intent to distribute. Your determination must be made only from the evidence in the case. The Defendant is not on trial for any conduct or offense not charged in the indictment. You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the Defendant, only as they relate to the charges against the Defendant.

INSTRUCTION NO. 14

You have heard testimony from persons described as experts. Persons who, by education and experience, have become expert in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 15

You have heard evidence that the Eric Ostensen has previously been convicted of a crime.

You may consider that evidence only as it may affect Ostensen's believability as a witness.

INSTRUCTION NO. 16

You have heard testimony that Eric Ostensen, who testified as a witness, has received

benefits in the form of favored treatment from the Government in connection with this case. You

should examine that witness's testimony with greater caution than that of ordinary witnesses. In

evaluating that testimony, you should consider the extent to which it may have been influenced

by the receipt of benefits from the Government.

INSTRUCTION NO. 17

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 18

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

Some of you have taken notes during the trial. Such notes are only for the personal use of the person who took them.

INSTRUCTION NO. 19

The punishment provided by law for this crime is for the Court to decide. You may not consider punishment in deciding whether the Government has proven its case against the Defendant beyond a reasonable doubt.

INSTRUCTION NO. 20

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the bailiff outside your door that you are ready to return to the courtroom.

INSTRUCTION NO. 21

If it becomes necessary to communicate with me during your deliberations, you may send

a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No

member of the jury should ever attempt to communicate with me except by a signed writing; and

I will communicate with any member of the jury on anything concerning the case only in writing

or orally here in open court.  Remember that you are not to tell anyone -- including me -- how the

jury stands, numerically or otherwise, on the question of the guilt of the Defendant until after you

have reached a unanimous verdict or have been discharged.

Given at Anchorage, Alaska, this 1st day of June, 2006.


REDACTED SIGNATURE

James K. Singleton, Jr.
United States District Judge